| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>MANHATTAN DIVISION<br>IN RE<br><br>ALISON R. BUSH,<br><br>DEBTOR. | HEARING DATE: January 5, 2017<br>HEARING TIME: 10:00 AM<br><br>CHAPTER 13<br><br>CASE NO. 16-12485<br><br>JUDGE: James L. Garrity, Jr. |

**NOTICE OF MOTION OF NATIONSTAR MORTGAGE LLC AS SERVICER FOR U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR NRZ PASS-THROUGH TRUST IV REQUESTING ENTRY OF AN ORDER GRANTING *IN REM* RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)(4), WITH RESPECT TO THE FIRST MORTGAGE LIEN ON REAL PROPERTY LOCATED AT 1374 BRISTOW STREET, BRONX, NY 10459**

**PLEASE TAKE NOTICE** that Nationstar Mortgage LLC as Servicer for U.S. Bank National Association as Trustee for NRZ Pass-Through Trust IV by and through its undersigned counsel, will move this Court as set forth below:

| | |
|---|---|
| JUDGE: | HON. James L. Garrity, Jr. |
| RETURN DATE & TIME: | January 5, 2017  10:00 AM |
| COURTHOUSE: | United States Bankruptcy Court<br>Alexander Hamilton Custom House<br>One Bowling Green<br>New York, NY 10004 |
| RELIEF REQUESTED: | Entry of an order pursuant to 11 U.S.C. § 362(d)(4) providing that any subsequent bankruptcy filings affecting real property described herein shall not, as provided by § 362(d)(4), operate as a stay against such real property for a period of two years from the entry of such an order; and for an order confirming that no stay is currently in effect pursuant to 11 U.S.C. § 362(c)(3); and for such other and further relief as this Court may deem just and proper. |

15-047388

  **PLEASE TAKE FURTHER NOTICE,** that answering affidavits, if any, to the relief requested, must be served upon and received by Shapiro, DiCaro & Barak, LLC at their offices at 175 Mile Crossing Boulevard, Rochester, NY 14624 and filed with the Clerk of the United States Bankruptcy Court for the Southern District of New York District of New York at United States Bankruptcy Court, United States Bankruptcy Court, Alexander Hamilton Custom House, One Bowling Green, New York, NY 10004 no later than seven (7) days prior to the return date of this motion.

Dated:  October 28, 2016
     Melville, New York

            /s/ Katherine Heidbrink
            Katherine Heidbrink
            Bankruptcy Attorney
            Shapiro, DiCaro & Barak, LLC
            Attorneys for Nationstar Mortgage LLC as Servicer
            for U.S. Bank National Association as Trustee for
            NRZ Pass-Through Trust IV
            One Huntington Quadrangle, Suite 3N05
            Melville, NY  11747
            Telephone: (631) 844-9611
            Fax: (631) 844-9525

**THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS NOTICE IS REQUIRED BY THE PROVISIONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT AND DOES NOT IMPLY THAT WE ARE ATTEMPTING TO COLLECT MONEY FROM ANYONE WHO HAS DISCHARGED THE DEBT UNDER THE BANKRUPTCY LAWS OF THE UNITED STATES.**

TO: SERVICE LIST

15-047388

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>MANHATTAN DIVISION<br>IN RE<br><br>ALISON R. BUSH,<br><br>DEBTOR. | HEARING DATE: January 5, 2017<br>HEARING TIME: 10:00 AM<br><br>CHAPTER 13<br><br>CASE NO. 16-12485<br><br>JUDGE: James L. Garrity, Jr. |

**MOTION OF NATIONSTAR MORTGAGE LLC AS SERVICER FOR U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR NRZ PASS-THROUGH TRUST IV REQUESTING ENTRY OF AN ORDER GRANTING *IN REM* RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(D)(4), WITH RESPECT TO THE FIRST MORTGAGE LIEN ON REAL PROPERTY LOCATED AT 1374 BRISTOW STREET, BRONX, NY 10459**

Nationstar Mortgage LLC as Servicer for U.S. Bank National Association as Trustee for NRZ Pass-Through Trust IV ("Nationstar"), by and through its undersigned counsel, hereby moves for an order pursuant to 11 U.S.C. § 362(d)(4)[1] with respect to certain real property described herein, providing that any subsequent bankruptcy filing affecting such real property shall not, as provided by § 362(d)(4), operate as a stay against such real property for a period of two years from the filing of such an order; and for an order confirming that no stay is currently in effect pursuant to 11 U.S.C. § 362(c)(3); and for such other and further relief as this Court may deem just and proper, and in support thereof respectfully states as follows:

---

[1] Unless otherwise stated, all statutory references are to the provisions of the United States Bankruptcy Code.

15-047388

## I. **PRELIMINARY STATEMENT IN SUPPORT OF *IN REM* RELIEF**

Within the past year, a valid foreclosure sale has been halted or delayed by various tactics, including multiple bankruptcy filings, by Alison Bush (the "Debtor" or "Borrower"). Each bankruptcy petition filing asserted an interest in the real property located at 1374 Bristow Street, Bronx, NY 10459 (the "Property"). The first case, filed the same day as a scheduled foreclosure sale, was filed in the Bankruptcy Court for the Southern District of New York as Chapter 7 Case No. 16-10486-smb on February 29, 2016 (the "First Case"). The First Case was a barebones filing, without any schedules. The First Case was thereafter dismissed under 11 U.S.C. § 521(i) for the Debtor's failure to file information required, as under 11 U.S.C. § 521 (a)(1), and a dismissal Order was entered on July 14, 2016 as ECF Doc. No. 17.

The second and instant case, also filed the same day as a scheduled foreclosure sale, was filed in the Bankruptcy Court for the Southern District of New York as Chapter 13 Case No. 16-12485-jlg on August 29, 2016 (the "Second Case" or "Instant Case"). The Second Case was likewise filed barebones, without any schedules, and is currently subject to a Motion for Dismissal by the Trustee as a result. *See* ECF Doc. No. 12 filed October 13, 2016.

The Property has been noticed to be sold at a foreclosure sale a total of two times over the last one year, but each scheduled foreclosure sale has been canceled or delayed due to the hindering actions taken by the Borrower.

The Debtor is not utilizing the automatic stay for legitimately seeking a fresh start. Rather, the multiple bankruptcy filings of the Debtor are an abuse of the automatic stay and the bankruptcy system, used to thwart creditors' efforts to enforce their state law rights in their collateral. There is more than an adequate basis to conclude, under § 362(d)(4), that the multiple

15-047388

and largely unprosecuted cases are part of a scheme to delay, hinder, or defraud the efforts of Nationstar and other creditors who seek to enforce their state law remedies in the affected real property.

## II. FACTUAL BACKGROUND

1. Movant is a secured creditor of Alison Bush ("Borrower"), pursuant to a note executed by Borrower on August 28, 2006, whereby Borrower promised to repay the principal amount of $340,000.00 plus interest to Encore Credit Corp. (the "Note"). To secure the repayment of the Note, Borrower granted Mortgage Electronic Registration Systems, Inc., as nominee for Encore Credit Corp. a mortgage, which was duly recorded in the Bronx County Office of the City Register of the City of New York on September 14, 2006 in CFRN 2006000519992 (the "Mortgage," Note and Mortgage, collectively, as the "Loan"), encumbering real property located at 1374 Bristow Street, Bronx, NY 10459 (the "Property"). The Note and Mortgage were subsequently transferred to JPMorgan Chase Bank, National Association, as purchaser of the loans and other assets of Washington Mutual Bank, formerly known as Washington Mutual Bank, FA (The "Savings Bank") from The Federal Deposit Insurance Corporation, acting as receiver for The Savings Bank and pursuant to its authority under The Federal Deposit Insurance Act, 12 U.S.C. §1821(d), and said transfer was memorialized by an Assignment of Mortgage executed on May 28, 2009 and recorded September 14, 2006 (the "First Assignment of Mortgage"). The Note and Mortgage were subsequently transferred to NRZ Pass-Through Trust IV, U.S. Bank National Association as Trustee, and said transfer was memorialized by an Assignment of Mortgage executed on November 6, 2014 and recorded

15-047388

November 19, 2014 (the "Second Assignment of Mortgage;" together, the First and Second Assignments of Mortgage are the "Assignments of Mortgage"). Copies of the Note, Mortgage, and Assignments of Mortgage are annexed hereto as **Exhibit "A"**.

2. In 2009, prior to the pendency of either bankruptcy case, foreclosure proceedings with respect to the Property were initiated in the Supreme Court of the State of New York, County of Bronx under Index No. 381142/09 (the "Foreclosure Case").

3. Judgment of Foreclosure and Sale ("JFS") in the Foreclosure Case was entered by the Hon. Mitchell J. Danziger, J.S.C. on October 20, 2015. A copy of the JFS is annexed hereto as **Exhibit "B."**

4. After the entry of the JFS, the Debtor filed the First Case and Second Case to stall scheduled foreclosure sales. Upon information and belief, the First Case and Second Case were shell filings filed solely to force cancellation of otherwise-valid foreclosure sales, thereby stalling foreclosure.

### III. GROUNDS FOR *IN REM* RELIEF UNDER 11 U.S.C. § 362(d)(4)

1. Taken together, the two bankruptcy cases provide a more than adequate basis to find that the serial bankruptcy filings are part of a scheme to delay, hinder or defraud secured creditors.

2. 11 U.S.C. § 362(d)(4) states that

> . . .after notice and a hearing, the court *shall* grant relief from the stay. . .
> (4) with respect to a stay of an act against real property under subsection (a), by a creditor whose claim is secured by an interest in such real property, *if the court finds that the filing of the petition was part of a scheme to delay, hinder, or defraud creditors* that

15-047388

      (A)    transfer of all or part ownership of, or other interest in, such real property *without the consent of the secured creditor or court approval*; or

      (B)    multiple bankruptcy filings affecting such real property. If recorded in compliance with applicable State laws governing notices of interests or liens in real property, an order entered under paragraph (4) shall be binding in any other case under this title purporting to affect such real property filed not later than 2 years after the date of the entry of such order by the court, except that a debtor in a subsequent case under this title may move for relief from such order based upon changed circumstances or for good cause shown, after notice and a hearing.

11 U.S.C. § 362(d)(4) (emphasis added).

3.    To obtain relief under § 362(d)(4), the moving party has the burden of proving that the current filing by the Debtor "is part of a scheme, that the scheme involved the transfer of real property or multiple filings, and that the object of the scheme is to hinder, delay, [or][2] defraud" the moving party. In re Lemma, 394 B.R. 315, 323 (Bankr. E.D.N.Y. 2008).

4.    Courts have considered several factors in determining whether multiple filings raise an inference of intent to hinder, delay or defraud secured creditors, including (1) debtor's failure to make post-petition payments on the loan, (2) debtor's failure to file the required documents and information necessary to prosecute the bankruptcy, and (3) the timing and the sequencing of the filings. *See* In re Montalvo, 416 B.R. 381, 386–87 (Bankr. E.D.N.Y. 2009).

5.    When evaluating whether to grant relief under § 362(d)(4), "the mere timing and filing of several bankruptcy cases is an adequate basis from which a court can draw a reasonable inference that the filing of a subsequent case was part of a scheme to hinder, delay, and defraud creditors." In re Blair, 2009 Bankr. LEXIS 4195, 63 Collier Bankr. Cas. 2d (MB) 513 (noting that each filing occurred on the eve or shortly before significant events effecting the property at

---

[2] Prior to the 2010 amendments to the Bankruptcy Code, § 362(d)(4) relief required the filing of a petition that was part of a scheme to "hinder, delay, *and* defraud creditor." See Pub. L. 111-327, Sec. 2(a)(12)(C) (2010) (emphasis added).

15-047388

issue and consequently granting *in rem* relief). In addition, when debtors "have evinced no true intention to reorganize their financial affairs . . . but [r]ather they have engaged in serial filings to thwart the efforts of [a secured creditor] to exercise its lawful rights under state law . . . [t]he serial filings are evidence of bad faith, and evidence of the fact that [the debtors] are abusing the bankruptcy process." In re Montalvo, 416 B.R. 381, 385–86 (Bankr. E.D.N.Y. 2009) (granting *in rem* relief while observing that the various cases filed between the present debtor and co-obligor were dismissed for failure to comply with filing requirements).

6. The timing of the bankruptcy filings raise serious questions regarding Borrower's and Debtor's intent to hinder, delay and defraud Nationstar. The timing and sequencing of these events "allows the Court to draw a permissible inference . . . that the instant petition [is] part of a scheme of Debtor to delay, hinder, and defraud" Nationstar. In re Montalvo, *supra,* 416 B.R. at 387.

7. Lastly, upon information and belief, no payment has been made on the Loan secured by the Property in over seven years. In re Lemma, 394 B.R. 315, 325 (Bankr. E.D.N.Y. 2008) (weighing the borrower and debtor's attempts to fail to render payments to the secured creditor as part of a scheme to delay, hinder, and defraud).

8. Based on the foregoing, Nationstar is entitled to relief under § 362(d)(4) in light of the bankruptcy filings on the eve of two separate sale dates. These actions constitute a scheme to hinder, delay, and defraud Nationstar as its attempts to exercise its state law remedies as mortgagees.

### IV. CONFIRMATION NO STAY IS IN EFFECT UNDER 11 U.S.C. § 362(c)(3)(A)

15-047388

In addition to the *in rem* relief sought, as set forth herein, Nationstar further requests relief under 11 U.S.C. § 362(c)(3)(A). § 362(c)(3)(A) provides:

(3) if a single or joint case is filed by or against a debtor who is an individual in a case under chapter 7, 11, or 13, and if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b)—

(A) the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case...

In the Instant Case, the petition was filed on August 29, 2016, and no effort has been made to move to reimpose the stay, such that relief from the automatic stay would extend beyond the initial 30 days. As such, the automatic stay expired by operation of law on September 28, 2016, and Nationstar respectfully seeks an order confirming no stay is in effect, in addition to the *in rem* relief requested to avoid the impact of potential future bankruptcy filings.

## V. EVEN IF THE AUTOMATIC STAY WAS IN EFFECT, ALTERNATIVE RELIEF IS APPROPRIATE UNDER 11 U.S.C. 362(d)(1) & (d)(2)

Even if the automatic stay was in effect as of the filing of this motion, relief from the automatic stay would still be appropriate under 11 U.S.C. 362(d)(1) & (d)(2). Pursuant to the Creditor Affidavit, affixed hereto as **"Exhibit C,"** the Debtor has not made any post-petition payments, and the loan is due and owing for 2 post-petition payments:

| ALLEGED PAYMENT DUE DATE | ALLEGED AMOUNT DUE | AMOUNT RECEIVED | AMOUNT APPLIED TO PRINCIPAL | AMOUNT APPLIED TO INTEREST | AMOUNT APPLIED TO ESCROW | LATE FEE CHARGED (IF ANY) |
|---|---|---|---|---|---|---|
| 9/1/16 – 10/1/16 | $2,582.17 PER PAYMENT | | | | | |
| TOTALS | $5,164.34 | $ 0.00 | $ 0.00 | $ 0.00 | $ 0.00 | $ 0.00 |

15-047388

Additionally, upon information and belief, Nationstar has been required to advance taxes and insurance to protect its interest in the Property. As a result of the Debtor's post-petition default, Nationstar is not adequately protected, and the automatic stay, if in effect, should be terminated for cause under 11 U.S.C. 362(d)(1).

Furthermore, there is no equity in the Property, and the Property is not necessary to an effective reorganization. Pursuant to the Creditor Affidavit, the total indebtedness on the Loan is $620,190.32. According to the Broker's Price Opinion, affixed hereto as **"Exhibit D,"** the value of the Property is $310,000.00. As such, relief under 11 U.S.C. 362(d)(2) would also be appropriate even if the automatic stay was in effect as of the date of this Motion.

## CONCLUSION

**WHEREFORE**, for the reasons set forth herein, the Nationstar respectfully requests that the its Motion for *In Rem* Relief be granted pursuant to 11 U.S.C. 362(d)(4), such that any and all future filings under the Bankruptcy Code during the next two years by any person or entity with an interest in the Property, shall not operate as a stay as to its enforcement of its rights in and to 1374 Bristow Street, Bronx, NY 10459. Additionally, Nationstar prays for an Order of

15-047388

this Court confirming no stay is in effect with respect to the Property together with any further relief that this Court deems appropriate.

Dated: October 28, 2016
       Melville, New York

                                   /s/ Katherine Heidbrink
                                   Katherine Heidbrink
                                   Bankruptcy Attorney
                                   Shapiro, DiCaro & Barak, LLC
                                   Attorneys for Nationstar Mortgage LLC as Servicer
                                   for U.S. Bank National Association as Trustee for
                                   NRZ Pass-Through Trust IV
                                   One Huntington Quadrangle, Suite 3N05
                                   Melville, NY  11747
                                   Telephone: (631) 844-9611
                                   Fax: (631) 844-9525

15-047388